849 A.2d 1070

JOHN BUNALSKI, PLAINTIFF–RESPONDENT, v. TOWNSHIP OF
IRVINGTON AND TOWNSHIP OF IRVINGTON POLICE
DEPARTMENT, DEFENDANTS–APPELLANTS.

Argued April 26, 2004—Decided June 14, 2004.

*Jacqueline A. DeGregorio,* argued the cause for appellants
(*Weiner Lesniak,* attorneys; *Ms. DeGregorio and Howard E.
Brechner,* of counsel; *Ms. DeGregorio, Mr. Brechner and Marga-
ret A. Miller,* on the briefs).

*John A. Craner,* argued the cause for respondent (*Craner, Satkin & Scheer,* attorneys; *Mr. Craner and Jonathan P. Arnold,* on the brief).

PER CURIAM.

We granted certification, 178 *N.J.* 35, 834 *A.*2d 407 (2003), to review the judgment of the Appellate Division, which, in an unpublished opinion, reversed the Law Division's grant of summary judgment to defendant Township of Irvington.

Plaintiff filed the action, following his involuntary retirement by defendant as a police officer, alleging that he was wrongfully terminated and discriminated against as a result of the Township's refusal to "accommodate" his handicap, in violation of the New Jersey Law Against Discrimination (LAD), *N.J.S.A.* 10:5–1 to –42. The trial court concluded that plaintiff had not established a case of discrimination because he failed to prove that he was "able to perform the job functions of being a police officer." In reversing the summary judgment, the Appellate Division determined that "[i]n order to involuntarily retire [plaintiff], the Township must show that it cannot reasonably accommodate him without sustaining an 'undue hardship,'" and that the Township had to "demonstrate that it considered the potential reasonable accommodations" and that plaintiff could not perform the "essential functions" of a police officer.

After plaintiff filed the Law Division action, the Board of Trustees of the Police and Firemen's Retirement System (Board) "approved" the Township's application to grant plaintiff an "involuntary application for ordinary disability retirement." The Board determined that plaintiff was "totally and permanently disabled from the performance of his duties as police sergeant." The determination of the Board further indicated that, if plaintiff disagreed with its determination, he could "request a formal hearing before an Administrative Law Judge within the Office of Administrative Law" (OAL), and noted the ability to challenge before the Board the initial decision of the Administrative Law

Judge if the request for a hearing "is approved," and to appeal the final administrative determination of the Board to the Appellate Division. Plaintiff neither sought a hearing before the OAL nor endeavored to appeal from the Board's determination. Accordingly, the final administrative determination of the Board remains in full force and effect.

However, defendant never pursued its defense to plaintiff's action in the Law Division on the basis of the preclusive effect of the final administrative determination.[1] Nor was a procedural challenge raised in the Appellate Division. In its petition for certification, the Township noted, for the first time, as one of the "questions involved," that the Appellate Division failed "to give [the Board's] finding preclusive effect and[,] thus, the Supreme Court must resolve the conflict between [the Board] and the Appellate Division."

This case involves significant procedural questions which were not raised in, nor considered by, the trial court or Appellate Division. In that context we find it inappropriate to consider the substantive issues that were decided by the Appellate Division and raised before us with respect to plaintiff's rights under LAD. We therefore conclude that certification was improvidently granted in this case.

On the remand ordered by the Appellate Division, the parties may raise the procedural issues identified herein as well as any defenses in respect of their belated consideration. We express no opinion as to the issues or their resolution.

Certification having been improvidently granted, the appeal is dismissed.

---

[1] Among the thirty-nine separate defenses in its answer, defendant asserted lack of subject matter jurisdiction, failure to exhaust administrative remedies, and "collateral estoppel and/or *res judicata*." By virtue of the successful summary judgment motion, these defenses were not pursued in the Law Division.

*For dismissal*—Chief Justice PORITZ and Justices VERNIERO, LaVECCHIA, ZAZZALI, ALBIN, and WALLACE and Judge STERN (temporarily assigned)—7.

*Opposed*—None.